

**FILED**

**November 4, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 12:25 PM**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| Carolyn Strickland, | ) | Docket No.: 2015-01-0259 |
| Employee, | ) | |
| v. | ) | State File No. 34228-2015 |
| Aramark, | ) | |
| Employer | ) | Judge Thomas Wyatt |
| v. | ) | |
| Ace American Ins. Co., | ) | |
| Carrier. | ) | |
| | ) | |

## ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the undersigned Workers' Compensation Judge on November 4, 2016, upon a Motion to Dismiss filed by the employer, Aramark, on October 4, 2016. The employee, Carolyn Strickland did not respond to the Motion to Dismiss within the thirty-calendar period for response provided for by Rule 4.01(B) of the Practices and Procedures of the Court of Workers' Compensation Claims (2016).

This case initially came before the Court on August 5, 2016, for a Show Cause Hearing convened because neither party had filed a Request for Expedited Hearing or a Request for Initial (Scheduling) Hearing within sixty days from the date of the issuance of the Dispute Certification Notice. Ms. Strickland represented herself during the Show Cause Hearing at which the Court explained the necessity that a party file for a requisite hearing to keep the case on the Court's docket. Ms. Strickland voiced understanding. Following the Show Cause Hearing, the Court entered an August 9, 2016 order requiring that Ms. Strickland file a request for either an Expedited Hearing or an Initial

1

(Scheduling) Hearing on or before September 26, 2016. During the Show Cause Hearing, the Court also scheduled a telephonic Status Conference on October 10, 2016.

Ms. Strickland did not file a Request for Expedited Hearing or a Request for Initial (Scheduling) Hearing on or before September 26, 2016, and has not done so to date. Additionally, Ms. Strickland did not attend the Status Conference on October 10, 2016. During the Status Conference, counsel for Aramark informed the Court he had filed a Motion to Dismiss Ms. Strickland's claim based on her failure to file for a hearing in compliance with the Court's August 9, 2016 order. In the Order the Court entered following the Status Conference, it advised Ms. Strickland of the requirement that she respond to Aramark's Motion to Dismiss within thirty days from the date Aramark filed the motion. Ms. Strickland did not file a response to Aramark's Motion to Dismiss.

In view of Ms. Strickland's failure to comply with the Court's order to file a request for either an Expedited Hearing or Initial (Scheduling) Hearing on or before September 26, 2016, her failure to appear for the Status Conference on October 10, 2016, and her failure to respond to Aramark's Motion to Dismiss, the Court will grant Aramark's motion and dismiss Ms. Strickland's claim with prejudice to her refiling it.

The Court taxes the $150 filing fee in this claim to Aramark and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 of the Mediation and Hearing Rules of the Tennessee Division of Workers' Compensation. Aramark or its carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims. Additionally, Aramark and/or its carrier shall prepare and file a statistical data form within ten business days of the date of this order, pursuant to Tennessee Code Annotated section 50-6-244 (2015).

**IT IS SO ORDERED.**

**ENTERED** this the 4th day of November, 2016.

_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

**Right to Appeal:**

Tennessee Law allows any party who disagrees with this Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1.     Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2.     File the completed form with the Court Clerk within thirty calendar days of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3.     Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4.     The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5.     The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. See Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6.     After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. See    Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7) (2015.)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 4th day of November, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Carolyn Strickland, Self-Represented Litigant | X | | X | C/O 2506 Laura Street, Apt. A, Chattanooga, TN 37406; clarrissashacklwford58@outlook.com |
| Thomas Hickey, Attorney | | | X | bth@spicerfirm.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

4